IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOSEPH A. CUNNINGHAM, JR., et al., | : |
| Plaintiffs, | : |
| v. | : Civ. No. 18-596-LPS |
| JP MORGAN CHASE BANK NATIONAL ASSOCIATION, | : |
| Defendant. | : |

Joseph A. Cunningham, Jr., Bronx, New York, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 10, 2020
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Joseph A. Cunningham, Jr. ("Cunningham") appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) Plaintiff El Cunningham Butler, Bozeman Heirs Fam Trust (the "Trust") appears without counsel and without paying the filing fee, as ordered by the Court. (*See id.*) Because an attorney has not entered an appearance on behalf of the Trust, it will be dismissed from this action. *See Cunningham v. JP Mortgage Chase Bank Nat'l Assoc.*, No. 18-2107 (3d Cir. Dec. 12, 2018). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II. BACKGROUND

As he has done before, Cunningham attempts to raise claims related to the foreclosure of real property located in Newark, Delaware. *See* Civ. Nos. 13-756-SLR, 15-356-LPS, 17-035-LPS, 18-1792-LPS. As discussed in *Cunningham v. JP Morgan Chase Bank*, Civ. No. 13-756-SLR, Cunningham is the executor of the estate of his father, Joseph Cunningham, Sr. The property at issue was owned by the decedent. The decedent received a loan from Weichert Financial and the loan was sold or transferred to Defendant J.P. Morgan Chase Bank National Association ("JP Morgan").

The Court takes judicial notice that on November 26, 2012, JP Morgan filed a *scire facia sur mortgage* complaint against Cunningham and the heirs of his father in the Superior Court of the State of Delaware in and for New Castle County, C.A. No. N12L-11-093 CLS at BL-1 ("C.A. No. N12L-11-093 CLS").[1] *See JP Morgan Chase Bank Nat'l Ass'n v. Cunningham*, 2018 WL 501500 (Del. Super. Jan. 19, 2018). On June 5, 2018, the Superior Court entered an order and granted JP Morgan's motion to substitute parties, retroactive to December 31, 2016, removing JP Morgan as Plaintiff and

---

[1] "BL" is the designation used by Bloomberg Law for court docket entries.

1

substituting PROF-2013-S3 Legal Title Trust II, by U.S. Bank National Association, as Legal Title Trustee, as Plaintiff. *Id.* at BL-139. On January 19, 2018, summary judgment was granted in favor of JP Morgan. *Cunningham,* 2018 WL 501500, *aff'd,* 2018 WL 4959040 (Del. Oct. 12, 2018). The property was scheduled for a Sheriff's sale on January 8, 2019. C.A. No. N12L-11-093 CLS at BL-151. On December 28, 2018, the sale was stayed due to Plaintiff's Bankruptcy Case No. 18-14133.[2] *Id.* On November 12, 2019, the property was sold at Sheriff's Sale and the Sheriff's Return was docketed on January 14, 2020. *Id.* at BL-160. To date, the sale has neither been confirmed, nor set aside.

In the instant Complaint, Plaintiff alleges that his deceased father never received a writ from the Sheriff, the Court, or the bank's lawyer "due to the fact that he was deceased." (D.I. 2 at 4-5) Cunningham alleges that the process from November 26, 2012 to April 2018 "has been a violation of due process by the bank lawyers," the judge, and the Prothonotary Clerk's Office, because documents were illegally served and illegally amended, because the Superior Court rubber-stamped the process, and because the mediation process was illegal "due to the illegal service of the writ." (*Id.* at 5-6) For relief, Cunningham seeks one million dollars in damages as well as the right to file a counterclaim or cross claim in the Superior Court action, the right to rescind his father's signature, and the right to recoup process from investments. (D.I. 5)

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."

---

[2] Plaintiff's bankruptcy is currently on appeal in the United States Court of Appeals for the Second Circuit, *In re Cunningham,* No. 19-4287 (2d Cir. Dec. 20, 2019).

*Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989). A court considering whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate purpose. *See Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. Sept. 26, 2013).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

3

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Malicious

A court considering whether an action is malicious must determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch*, 67 F.3d at 1086. Repetitive litigation is some evidence of a litigant's motivation to vex or harass a defendant where it serves no legitimate

purpose. *See Fiorani*, 547 F. App'x at 105; *Kennedy v. Getz*, 757 F. App'x 205, 207-08 (3d Cir. Dec. 19, 2018) (Plaintiff offered no argument on appeal challenging District Court's determination that his motivation in filing third lawsuit was to vex, injure, or harass defendants). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) (internal quotation marks and alteration omitted); *see also Rosier v. United States*, 736 F. App'x 313, 315 (3d Cir. June 7, 2018) (District Court did not err in dismissing case as malicious as circumstances support finding that when Plaintiff initiated complaint his intent was to harass government); *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 144 (3d Cir. Oct. 31, 2013) (Plaintiff's complaint is malicious as it repeats claims that Plaintiff unsuccessfully previously litigated twice before in District Court); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff"); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under authority of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation").

The instant Complaint contains claims that arise out of a common nucleus operative facts and are related to *Cunningham v. JP Morgan Chase Bank*, Civ. No. 13-756-SLR, wherein Plaintiff raised claims related to the foreclosure of the real property described above. On July 2, 2013, this Court dismissed Civ. No. 13-756-SLR as frivolous and by reason of abstention. (*See* Civ. No. 13-756-SLR at D.I. 14) Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed,

5

agreeing that *Younger* abstention was appropriate in Plaintiff's case. *See Cunningham v. JP Morgan Chase Bank*, 537 F. App'x 44 (3d Cir. Oct. 21, 2013).

The instant Complaint also contains claims that arise out of a common nucleus of operative facts and are related to *Cunningham v. Mortgage Contracting Services*, Civ. No. 15-356-LPS, wherein Plaintiff raised claims related to the foreclosure of the real property described above. This Court dismissed Civ. No. 15-356-LPS as malicious and by reason of abstention on July 30, 2015. (*See* Civ. No. 15-356-LPS at D.I. 6) Plaintiff appealed, and the United States Court of Appeals for the Third Circuit affirmed, agreeing that *Younger* abstention was appropriate in Plaintiff's case. *See Cunningham v. Mortgage Contracting Services*, 634 F. App'x 361 (3d Cir. Feb. 22, 2016).

The filing of this Complaint falls squarely in the category of malicious litigation. Based upon the foregoing, the Court concludes that Plaintiff's complaint is malicious within the meaning of Section 1915(e)(2)(B).

### B. *Younger* Abstention

In Civ. No. 13-756-SLR, Defendant indicated that, on November 26, 2012, it initiated a foreclosure action for the real property in question in the Superior Court of the State of Delaware, *JP Morgan Chase Bank, National Association v. Cunningham*, C.A. No. N12L-11-093 JRJ. (*See* Civ. No. 13-756-SLR D.I. 9 at Wiggins aff. ¶ 10; Ex. H) Plaintiff is participating in the action on behalf of his father's estate. (*Id.* at ¶ 11; Ex. I) The Court takes judicial notice that the Superior Court action remains pending. While there has been a Sheriff's sale, there is no indication on the Superior Court docket that the Superior Court has confirmed the sale. *See* 10 Del. C. §§ 4976, 5065; Superior Court Civil Rule 69(d).

Inasmuch as the foreclosure action remains pending, the Court must abstain pursuant to the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971) (federal district court must

6

abstain from hearing a federal case which interferes with certain state proceedings). Abstention is appropriate when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls within one of the *Younger* exceptions. *See Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

Once again, the Court finds that the *Younger* elements have been met and none of its exceptions apply. There are ongoing state proceedings for the foreclosure of real property. *See Cunningham v. JP Morgan Chase Bank*, 537 F. App'x at 45. Delaware has an important interest in resolving real estate issues, which implicates the important interest of preserving the authority of the state's judicial system. *Id.* Plaintiff has an adequate opportunity to raise any potential claims in State court. Further, Plaintiff "has not demonstrated 'bad, faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate.'" *Id.* (quoting *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003)). Therefore, pursuant to *Younger* and its progeny, the Court must abstain. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after plaintiffs failed to raise their federal claims in ongoing state proceedings).

## V. CONCLUSION

For the above reasons, the Court will: (1) dismiss El Cunningham Butler, Bozeman Heirs Fam Trust as a Plaintiff; and (2) dismiss the Complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and by reason of abstention. The Court finds amendment futile.

An appropriate order will be entered.